**David Allen CARSON, Plaintiff–Appellant,**

v.

**Steve HARRINGTON; et al., Defendants–Appellees.**

No. 00–2373.

United States Court of Appeals, Sixth Circuit.

June 11, 2001.

Before RALPH B. GUY, JR., NORRIS, and GILMAN, Circuit Judges.

David Allen Carson, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 29, 1999, Carson filed a complaint against Steve Harrington, a correctional officer employed at the Ionia Maximum Correctional Facility ("IMCF") where Carson is incarcerated, and Zbigniew Tyskiewicz, warden of the IMCF. Carson alleged that on November 13, 1998, Harrington and another correctional officer came to his cell to escort him to the shower. Carson alleged that the officers handcuffed him and then called for his cell door to be opened. Allegedly in fear of his life due to a prior threat made by Harrington, Carson kicked Harrington in the groin area immediately upon exiting his cell. According to Carson, he and Harrington fell to the floor where Harrington sat on his back until additional correctional officers arrived. Relying upon the Eighth Amendment, Carson alleged that Harrington used excessive force when responding to his assault upon Harrington. Carson sought monetary relief only. Carson subsequently amended his complaint to add additional defendants.

The defendants filed a motion for summary judgment, to which Carson responded. On September 29, 2000, the district court granted the defendants' motion and dismissed the complaint. Carson's Fed. R.Civ.P. 59(e) motion for relief from judgment was subsequently denied. Carson has filed a timely appeal.

■ Although Carson raised a number of additional claims against Harrington and the other named defendants in his complaint, he only challenges the district court's disposition of his Eighth Amendment excessive use of force claim against Harrington. Because Carson did not raise any issue concerning the disposition of his remaining claims against Harrington and the other named defendants, we consider such claims abandoned and decline to review them on appeal. *See Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir. 1991). Carson challenges the district court's disposition of his First Amendment retaliation claim for the first time in his reply brief. However, Carson may not raise additional issues for review in his reply brief because, in his notice of appeal, he specified the Eighth Amendment excessive force issue as the sole issue to be raised on appeal. *See Wilson v. Firestone Tire & Rubber Co.*, 932 F.2d 510, 516 (6th Cir.1991).

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

■ An Eighth Amendment claim contains both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component requires

the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). In an excessive use of force claim, the subjective component requires the plaintiff to show that the defendants acted " 'maliciously and sadistically for the very purpose of causing harm,' " rather than " 'in a good faith effort to maintain or restore discipline.' " *Hudson*, 503 U.S. at 6, 112 S.Ct. 995 (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).

■ Upon review, we conclude that the district court properly granted summary judgment in favor of Harrington with respect to Carson's Eighth Amendment excessive use of force claim. *See Kincaid*, 236 F.3d at 346. Carson admitted in his complaint that he initiated the incident in question by kicking Harrington in the groin area. After being kicked, Harrington grabbed Carson and the two fell to the floor, with Carson's hands still handcuffed behind his back. Harrington then held Carson down by laying on his back until other correctional officers arrived within seconds. Under these circumstances, the use of force was justified in order to gain control of the situation and Harrington did not use more force than was necessary to restrain Carson. *See Hudson*, 503 U.S. at 7, 112 S.Ct. 995; *Whitley*, 475 U.S. at 321–22, 106 S.Ct. 1078. In fact, the medical records indicate that Carson suffered only minor injuries as a result of the incident. In addition, Carson did not present any evidence that Harrington acted maliciously or sadistically for the sole purpose of causing harm. *See Hudson*, 503 U.S. at 6–7, 112 S.Ct. 995. As noted by the district

court, the videotape of the incident reveals that "[t]he entire incident from [Carson's] kick until he was returned to the confines of his cell lasted under one minute" and Carson's "assertions that Harrington repeatedly slammed [his] face into the floor are totally undermined by the videotape of the incident."

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.